IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT

| | |
|---|---|
| IN RE: PAULINA SIGNORELLI, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | Honorable Kathy Surrat-States |

---

| | |
|---|---|
| DOUGLAS MUELLER, ) | |
| ) | |
| Creditor/ ) | ADV. No: _____ |
| Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | |
| PAULINA SIGNORELLI, ) | |
| ) | |
| Debtor/ ) | |
| Defendant. ) | |

## **COMPLAINT**

Douglas Mueller (the "creditor"), individually as creditor of the Estate of Paulina Signorelli (the "debtor") hereby complains as follows:

## **NATURE OF THE ACTION**

1. This is an Adversary Proceeding by Creditor Douglas Mueller against Paulina Signorelli, Debtor/Defendant herein, to avoid $670,300.00 in actual and constructive fraudulent pre-petition transfers, loans, distributions and payments made by Debtor to herself and others.

## **JURISDICTION AND VENUE**

2. This court has jurisdiction pursuant to 28 USC §1334 (b) because this adversary proceeding arises in, arises under, and is related to the Chapter 7 case, in re: Paulina Signorelli, pending in the United States Bankruptcy Court for the Eastern District of Missouri, Case No: 15-46309.

1

3. The court has personal jurisdiction over Defendant pursuant to Federal Rule of Bankruptcy Procedure 7004 (f).

4. Venue is proper in this district pursuant to 28 USC §1409 (a).

5. This complaint is a core proceeding pursuant to 28 USC §157 (b) (2).

## THE PARTIES AND RELATED ENTITIES

6. On the 21st day of August, 2015, Debtor filed a Petition in the United States Bankruptcy Court, thereby commencing a Chapter 7 voluntary bankruptcy proceeding.

7. Plaintiff Douglas Mueller is a creditor of the debtor Paulina Signorelli.

8. Creditor brings this adversary action against the Debtor's estate.

9. The debtor is a Missouri resident who engaged in wrongful destruction and transfer of assets of Safety Support Services, Inc., the business previously owned and operated by Creditor and Debtor, resulting in a loss of in excess of $670,300.00 in damages, lost assets and loss of prospective advantage.

## BACKGROUND

10. Plaintiff Douglas L. Mueller is now and was at all times herein mentioned a citizen and resident of the City of St. Louis and State of Missouri.

11. Defendant Paulina A. (Mueller) Signorelli (hereinafter "Paulina") is now and was at all times mentioned herein a citizen and resident of the City of St. Louis and State of Missouri

12. Defendant Paulina filed a Petition for Dissolution of Marriage in the Circuit Court of the City of St. Louis against Plaintiff Douglas L. Mueller on October 15, 2005, in cause #053-04468, following a period of separation.

13. Beginning on or about May 2, 2005, and continuing through August 22, 2008, Plaintiff had been taken off the accounts of SSS, Inc., by Defendant Paulina and was not allowed access to the books or records of the corporation, following the separation while the parties were involved in the Dissolution of Marriage proceedings.

14. The Dissolution of Marriage proceedings established a valuation of the family owned business known as **Safety Support Services, Inc**. ("**SSS, Inc**."), which was set up by Plaintiff and Defendant in July 1996 with Defendant Paulina as the sole shareholder and officer.

15. The said business continued to operate through the trial of the Dissolution of Marriage case on November 7, 2007, and was reported by Defendant's experts to have significant value at the time of said trial, of at least $670,000.00, or more.

16. The trial court in the Dissolution of Marriage case entered its Judgment on July 25, 2008, and made a finding that Safety Support Services, Inc., had a value as of November 7, 2007, well in excess of $670,300.00 and awarded the business to Plaintiff Douglas L. Mueller and ordered Plaintiff to pay Defendant Paulina $670,300.00 as her division of the marital asset value of SSS, Inc.

17. Thereafter, following entry of the Court's Judgment, and the subsequent surrender of shares of stock, and after repeated requests for access, Plaintiff was subsequently able to enter the premises, obtain access to the corporate bank accounts on August 22, 2008, and Plaintiff discovered that $546,608.00 had been withdrawn from the SSS, Inc. corporate assets by Defendant Paulina by way of a series of transfers, including shareholder loans, distributions of profits, payments of personal debts, personal

obligations of Defendant Paulina, and payment of Defendant's expenses in the underlying Dissolution litigation, and Defendant Paulina had removed capital assets from SSS, Inc., so as to leave said business as a hollow shell, essentially defunct, and unable to proceed without sufficient capitalization to continue in business.

18. From May 2005 through August 22, 2008, Defendant Paulina remained in full control and operation of SSS, Inc., handled all the business affairs and was in control of all management decisions, disbursements of funds, accounting, hiring and firing of personnel, and other related management matters, but in disregard of her obligations, and contrary to the representations she made as to the value of the business, she looted and damaged the assets and business of SSS, Inc., so as to deprive it of essential capitalization in one or more of the following respects:

    A.    Defendant Paulina withdrew approximately $546,608.00 of corporate assets and funds of SSS, Inc., in addition to her salary and benefits;

    B.    Defendant Paulina negligently and carelessly failed and refused to hire or employee new employees or to maintain an adequate employee training base and to service the accounts of the business;

    C.    Defendant Paulina failed and refused to maintain current customers, to seek out new business, and subsequently suffered the loss of several major customers, and failed thereafter to protect the customer base or to prevent the loss of business to ex-employees of SSS, Inc.;

    D.    Defendant Paulina carelessly and negligently failed and neglected to operate the business of SSS, Inc. in a reasonable manner so as to continue the

business operations of the corporation and to maintain adequate cash balances to continue said business operations;

  E. Defendant Paulina left significant federal and state tax liabilities remaining to be resolved, in excess of $232,000.00;

  F. Defendant Paulina paid herself excessive pay checks after the trial court order of July 25, 2008, with overlapping dates, resulting in unearned salary, tax liabilities and retirement contributions;

  G. Defendant Paulina paid herself unearned vacation benefits after July 25, 2008, further reducing corporate assets;

  H. Defendant Paulina expended corporation funds to pay for real estate evaluations and appraisals in the underling Dissolution of Marriage case, all personal expenses not valid corporate debts, thereby further depleting corporate assets;

  I. Defendant Paulina withdrew assets of $85,000.00 in the form of shareholder loans from SSS, Inc., for which no loans actually existed, during the period after the Dissolution of Marriage was heard in November 2007 and through the date of the Decree on July 25, 2008; (12/4/2007 - 7/29/2008)

  J. Defendant Paulina failed to pay health insurance premiums, rents, yellow page charges, advertising expenses, and other expenses of SSS, Inc., from November 2007 through July 25, 2008, leaving those bills to be paid after she signed over her shares of stock and turned over the business on August 22, 2008.

 19. That as a direct and proximate result of the gross negligence and carelessness of the Defendant Paulina, and the intentional removal of capital, the continuing business operations of SSS, Inc., were substantially impaired, damaged and diminished, so as to

render the business essentially worthless, causing damage to Plaintiff in excess of $670,300.00, the value fixed by the Family Court as the value of SSS, Inc., on July 25, 2008.

20. The actions of Defendant Paulina in removing cash, paying personal expenses and taking distributions of most of the remaining cash assets of the business of SSS, Inc., coupled with her failure to develop the business, her failure to hire or retain employees, and her failure to properly manage and operate the business, directly and proximately caused damage to the continuing business operations of SSS, Inc., and Plaintiff therefore has directly and proximately sustained a substantial loss of future and prospective advantage, and a loss of the business of SSS, Inc.

21. The actions of Defendant Paulina, in damaging the business of SSS, Inc., were done wrongfully, intentionally and in gross disregard of Plaintiff Douglas L. Mueller's rights, and justify the imposition of punitive damages

22. That as a direct and proximate result of the wrongful looting of the corporate assets, Plaintiff Douglas L. Mueller sustained substantial damages and the loss of prospective advantage to a future stream of income.

## COUNT I

### NON-DISCHARGABILITY OF DEBT OWED TO PLAINTIFF PURSUANT TO §523 (a) (2) OF THE BANKRUPTCY CODE

23. Plaintiff adopts and realleges all allegations set forth in Paragraphs 1 through 22 of the Complaint as if fully contained herein.

24. Bankruptcy Code § (523) (a) (2)(A) provides, in relevant part, that:

   a) A discharge under §727, 1141, 1228 (a), 1228 (b) or 1328 (b) of this Title does not discharge an individual debtor from any debt-

(2) For money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by –

A) False pretenses, false representation or actual fraud, other than a statement respecting the debtors or an insiders' financial condition….

25. All of the debt owed to Plaintiff by Debtor is non-dischargeable in that it was wrongfully transferred or otherwise disposed of by Debtor and was done under false pretenses and fraud within the meaning of §523 (a) (2).

## COUNT II

## NON-DISCHARGEABILITY OF DEBT OWED TO PLAINTIFF UNDER §523 (a) (4) OF THE BANKRUPTCY CODE

26. Plaintiff adopts and realleges all allegations set forth in Paragraphs 1 through 25 of the Complaint as if fully contained herein.

27. Bankruptcy Code §523 (a) (4) provides:

(a) A discharge under §727, 1141, 1228 (a), 1228 (b) or 1328 (b) of this Title does not discharge an individual debtor from any debt—

(4) For fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny…

28. All of debt owed to Plaintiff by Debtor is non-dischargeable as it is debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny in the meaning of the Bankruptcy Code, §523 (a) (4).

## COUNT III

### NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER §523 (a) (6) OF THE BANKRUPTCY CODE

29. Plaintiff adopts and realleges all allegations set forth in Paragraphs 1 through 28 of the Complaint as if fully contained herein.

30. Bankruptcy Code, §523 (a) (6) provides, in relevant part, that:

    (b) A discharge under §727, 1141, 1228 (a), 1228 (b) or 1328 (b) of this Title does not discharge an individual debtor from any debt---

    (6) Or willful and malicious injury by the Debtor to another entity or to the property of another entity…

31. All of the debt owed to Plaintiff by Debtor is non-dischargeable as it is a debt for willful and malicious injury caused by Debtor within the meaning of the Bankruptcy Code, §523 (a) (6).

## COUNT IV

### OBJECTION TO DEBTOR'S DISCHARGE UNDER §727 (a) (3) OF THE BANKRUPTCY CODE

32. Plaintiff adopts and realleges all allegations set forth in Paragraphs 1 through 31 of the Complaint as if fully contained herein.

33. Bankruptcy Code, §727 (a) (3) provides that:

    (a) The Court shall grant the Debtor discharge, unless ….

    (3) The debtor has concealed, destroyed, mutilated, falsified or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Debtor's financial condition or business transactions

might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

34. The debtor, in her operation of Safety Support Services, Inc., operated same and sought to shield herself from personal liability while using the funds of said business for her personal purposes. To that end, Debtor falsified, concealed, destroyed or failed to preserve books, documents, records and papers of Safety Support Services and her wrongful depletion of its assets.

35. By virtue of the foregoing, Debtor's discharge should be denied under Bankruptcy Code, §727 (a) (3).

## COUNT V

### REQUEST TO REMOVE OR ABSTAIN FROM HEARING THIS MATTER IN BANKRUPTCY COURT AND TO ALLOW CLAIM TO BE RETURNED TO STATE COURT FOR TRIAL AND FURTHER PROCEEDINGS

36. Plaintiff adopts and realleges all allegations set forth in Paragraphs 1 through 35 of the Complaint as if fully contained herein.

37. That Plaintiff originally filed a civil suit against defendant in the Circuit Court for the City of St. Louis in July 2013, where it has remained pending throughout the 3 bankruptcy filings.

38. The civil claim involves substantive state law issues.

39. Some discovery has proceeded in that state case.

40. That Plaintiff has requested a jury trial.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment determining that the debt reflected in Plaintiff's underlying civil suit, and inasmuch as same may be set forth in Debtor's bankruptcy petition, shall be non-dischargeable under Bankruptcy Code §523 (a) (2)

(A), 523 (a) (4), and 523 (a) (6) or, in the alternative, denying the debtor's discharge under Bankruptcy Code §727 (a) (3). Plaintiff further requests that this matter be returned to State Court for further proceedings and trial, and for any further orders this court deems just and proper.

Respectfully submitted,

MARTIN, MALEC & LEOPOLD P.C.

*/s/ Heidi L. Leopold -/s/ John Malec*
Heidi L. Leopold – ED #46290 MO #40473
John Malec – ED #3731 MO #31683
1007 Olive – 5th Floor
St. Louis MO 63101
(314) 231-3323
(314) 231-6739 fax
hleopold@mmllawyers.com
*Attorneys for Plaintiff/creditor*